UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10307-GAO

WILLIAM COSSART,
Plaintiff,

v.

UNITED EXCEL CORPORATION and KY HORNBAKER,
Defendants.

ORDER
September 30, 2014

O'TOOLE, D.J.

## I. Background

This case arises out of a dispute over wages owed under a commission arrangement. The plaintiff William Cossart alleges that the defendants have violated the Massachusetts Wage Act, Massachusetts General Laws Chapter 149, Section 148, by failing to pay him the commission for a California-based project.

The defendants, United Excel Corporation ("UEC") and Ky Hornbaker, have moved to dismiss the Complaint for, among other grounds, lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

UEC is a Kansas corporation with its principal place of business in Merriam, Kansas. Ky Hornbaker is a resident of Lake Quivira, Kansas. The defendants allege that Cossart's claim arises out of a commission agreement he entered into while in Kansas and, further, out of a proposed construction contract for a facility in California. Cossart contends that defendants have sufficient contacts with Massachusetts because they allowed him to base his work for UEC from Massachusetts and he solicited some Massachusetts organizations on behalf of UEC.

1

## II. Discussion

A plaintiff has the burden of presenting evidence "which . . . is sufficient to support findings of all facts essential to personal jurisdiction." Bluetarp Fin., Inc. v. Matrix Constr. Co., Inc., 709 F.3d 72, 79 (1st Cir. 2013). A plaintiff must prove that the exercise of personal jurisdiction over the defendant satisfies both the applicable state's long-arm statute and the federal due process requirements. U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir. 1990). Even if a court is "presented with jurisdictional facts sufficient to survive due process scrutiny, a judge would be required to decline to exercise jurisdiction if the plaintiff was unable to satisfy at least one of the statutory prerequisites." Good Hope Indus., Inc. v. Ryder Scott Co., 389 N.E.2d 76, 80 (Mass. 1979).

The only part of the Massachusetts long-arm statute that might be applicable is Section 3(a), which permits the exercise of personal jurisdiction over a cause of action arising from the person's "transacting any business in this Commonwealth." Mass. Gen. Laws ch. 233A, § 3(a). "Generally the purposeful and successful solicitation of business from residents of the Commonwealth . . . will suffice to satisfy this requirement." Tatro v. Manor Care, Inc., 625 N.E.2d 549, 551-52 (Mass. 1994). Here, Cossart cannot show that any of UEC's attempts to transact business in the Commonwealth were successful. So far as appears from the parties' submissions, the fact that Cossart himself was located in Massachusetts was fortuitous; his location was a matter of indifference to the defendants. The work he performed on UEC's behalf could have been done from a base located anywhere, as far as the defendants were concerned.

There is no evidence that Hornbaker as an individual conducted activities within the scope of the long-arm statute. The fact that an officer of a corporation such as he might be liable under the Massachusetts wage statute does not answer the jurisdiction question.

Further, to satisfy due process, the plaintiff must prove that a defendant has minimum contacts with the state and that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Due process analysis for personal jurisdiction falls under two categories: general and specific.

A. General Jurisdiction

General jurisdiction exists when an out-of-state defendant conducts systematic and continuous activity in the state, even though the activity does not relate to the relevant suit. Id. at 318. Here, Cossart contends that personal jurisdiction over UEC and Hornbaker is appropriate under both general *and* specific jurisdiction.

Cossart points to UEC's registration to do business in Massachusetts and the corporation's attempts to secure projects in Massachusetts. Registration and attempts at proposals, without any evidence of completed projects, cannot satisfy general jurisdiction's requirement of systematic and continuous activity. This Court cannot exercise general jurisdiction over defendants UEC and Hornbaker.

B. Specific Jurisdiction

Specific jurisdiction may be exercised when there is an affiliation between the defendant's contacts with the forum state and the controversy. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 & n.8 (1984) (citing Shaffer v. Heitner, 433 U.S. 186, 204 (1977)); see United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1993). The First Circuit has implemented a tripartite test to determine whether specific jurisdiction over an out-of-state defendant is appropriate:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and

making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

United Elec. Radio and Mach. Workers of Am., 960 F.2d at 1089.

### i. Relatedness

Courts "steadfastly reject the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect." Id. Cossart's claim for failure to pay wages does not arise out of Massachusetts activities on behalf of UEC. The commission Cossart allegedly deserves came from a proposed project he worked on in California. Further, Cossart's own employment contract was negotiated in Kansas. Therefore, the claim's relation to Massachusetts is far too attenuated and indirect.

### ii. Purposeful Availment

In order to satisfy the requirements of specific jurisdiction, an out-of-state defendant must purposefully avail itself of the forum state's laws. See Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cnty., 480 U.S. 102, 110-12 (1987). Purposeful availment is "only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 624 (1st Cir. 2001).

Although UEC is registered as a corporation in Massachusetts, it has completed no projects here. Indeed, UEC's only connection to Massachusetts is that the corporation employed Cossart, and that Cossart chose to live in the Commonwealth. And while Cossart contends that UEC was pursuing work in Massachusetts, the project proposal at question was for a project in California. Therefore, UEC cannot be said to have directed its activities toward the forum, nor has it gained any benefit from the laws of Massachusetts. That a single employee, whose

4

employment contract was negotiated in Kansas, resides in the Commonwealth is insufficient to warrant the exercise of personal jurisdiction over an out-of-state defendant.

      *iii.     Reasonableness*

Courts should not exercise jurisdiction over defendants when doing so would be unreasonable and contrary to fundamental fairness. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). This Court has named the factors to be considered the "Gestalt factors":

> (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

Sawtelle v. Farrell, 70 F.3d 1381, 1394 (1st Cir. 1995).

The first factor favors the defendants. Both the corporation and the individual are based in Kansas, as are all witnesses and relevant documents. On the other hand, Massachusetts has an interest in providing a convenient forum for its residents and in ensuring its residents are paid in accordance with applicable law. On balance, however, the fourth and fifth factors also favor UEC and Hornbaker, tipping the factor-weighing balance in their favor.

## III.    Conclusion

For the reasons stated herein, the defendant's Motion (dkt. no. 6) to Dismiss is GRANTED. The Complaint is DISMISSED for want of personal jurisdiction.

It is SO ORDERED.

                                                /s/ George A. O'Toole, Jr.
                                                United States District Judge